It pleases the court, John Messing on behalf of Nazario Sanchez-Flores. This case concerns criminal history points, and I'm concerned with two of those points primarily. Those two points relate to an offense committed by someone by the name of Juan Perez, which has been tied to Mr. Nazario Sanchez-Flores, but there is no evidence of that in the case. None. It's not sufficient evidence under the Due Process Clause. It's an absence of evidence. And that comes out because there's no discussion, either in the pre-sentence report, at sentencing, or otherwise in the case, as to what the probation office did to research the criminal history. One can only make assumptions about it on the state of this record, and that's not evidence. Mr. Nazario Sanchez-Flores was convicted, and there were a number of criminal history points. But the first one of those, where it's Mr. Perez, there's just nothing in the record. He, Mr. Sanchez-Flores, denied that he was Mr. Perez. He said, I never used that alias, to the probation office. And the probation officer said, and he did that in the excerpt of record at page 50. He denied he ever used the name or the date of birth, and he said it was given to him by the State of Florida. There's, the probation office said that it was uncertain whether or not he'd ever used this alias. And that's at the excerpt, I'm sorry, that's at the documents that relate to the pre-sentence report, at page 19 of that report, or 20 of my page number. And apparently, I added a page number, which makes it terribly confusing, and I apologize for that. I see that in reviewing it. The judge indicated at sentencing, at the excerpts of record, page 32, that he had discussed it with the probation officer, discussed something with the probation officer. And the judge focused in sentencing under 183553A that the use of the alias was an important factor for him. And that was at page 42 of the excerpts of record. There is an Internet page, and I've made a great deal of my brief about the Internet, but the fact of the matter is that page does not say anything about Nazario Sanchez Flores. So the connection between those names is not there in the record. In the cases that the government has cited, which are Cuevas Marin and Romero Rendon and Felix, there are two things that are different. One is the officer, the probation officer, has stated he's gone through the criminal history and there are automated database checks. In U.S. v. Felix, he went beyond that and he went to collateral communications and he called and verified information. And in those cases, there are questions about whether you can use database information in the absence of preserved records. But I don't even get that far. I don't go there, even though I've researched that out in a brief, because those two points that are ascribed to him reduces criminal history down from a Category 6 to a 5. He puts his sentence at 77 to 96 months. The judge gave him 80. Now, that 80 was for a sentencing range at criminal history Category 6 of 84 to 105 months. So the judge varied. He went below the guidelines. And on the state of this record, I think there's significant procedural error because if that means anything, it means you have nothing to go on at the appellate level as to how we got there. Now, I didn't try this case, so I, you know, I don't have any more facts than what's in the record myself. But that's the long and the short of it.  Okay. Mr. Berg, your second time at bat. Yes, ma'am. Please, Court. This case has over time kind of boiled down, so it's smaller and smaller and smaller. In Mr. Messing's most recent 28J letter, he indicated that he was withdrawing his arguments with regard to the 16-level enhancement. So that all that we are really looking at are some arguments about the criminal history points. And as I tried to make clear in my brief, aside from a very limited objection that was maintained with regard to a different paragraph in the pre-sentence report, paragraph 24, the defendant pretty clearly waived, and I use that term advisedly, waived and gave up all of his arguments that he's now trying to present to this court. Because he started off with one objection, saying, I'm concerned about all of these various paragraphs. And then in his second objection, after additional documentation was received by the Probation Department, he said, I maintain my objection to paragraph 24, but then he accepted the offense level, 22, which required acceptance of all of the other criminal history points. And so what we're really looking at here is one very limited exception maintained to paragraph 24. And as I pointed out in my brief, the government does not concede that there was an error in paragraph 24. But even assuming that there was, that's two points. So that reduces his criminal history level, and what happens? He ends up with a slightly smaller advisory range. But when he actually sentenced, Judge Roll said, I'm looking at the 3553A factors, and based on that, I'm going below what was the original recommended sentencing range, and I'm going to give you this 80 months, rather than the advisory range. So Judge Roll, understanding the state of the record, said this is what an appropriate sentence is. But let me just go back on that, because if he's going, in his mind he's going below, but as I understood the objection, it would put the lower range at 77, correct? That would be the very bottom of it, but the 80 would have been. And if Judge Roll thought he were going below, he'd have to go below 77 to go below, but instead he thought he was going below because he was using a higher threshold. Well, he didn't say that he thought he was going below. He varied, and that's what he did. But I think it's important to recognize that he said, based on your record, all of these aliases, all of these priors, which at this point were no longer controverted, he said the guidelines are advisory. He fully understood that. He said, in effect, this is the appropriate sentence for you. And the defendant had advocated for something much lower, like down to around 24 months, and he said, no way, that's going to happen. But he was very clearly on notice that the defendant wanted something much lower. So if he had wanted to go even a few points lower, a few months lower, he certainly would have been able to do that. But he decided in his discretion, based on 3553A and the man's record, this is the So I'm suggesting that we're really reviewing here only for clear error, but there is no clear error been shown because there's no indication that the judge's role would have gone lower even if he thought that he could have, if we took out those two extra levels. I can answer any other questions that you have. Kagan. I don't think so. Thank you, Mr. Brown, Mr. Messing. There are actually two objections made. Mr. Ferg has referred to one of them. I don't concede that anything was waived, but that doesn't apply to this error, this objection that was made. And if I can just have a second. It's in the, it's the defendant's, is that the excerpt of record? Page 50, but it's his objections to pre-sentence investigation report. And in it, he says at paragraph 3, upon review of the PSR, the defendant made the following objections, identifying data alias, the defendant denies he has ever used the names Juan Lopez Perez or Juan Perez, which is the name of that conviction, or various other combinations, and so on. It's, what Mr. Berg is talking about is judicially cognizable documents, is the way the pre-sentence report, and there's a second objection, which is at page 52, where the defendant previously objected to the lack of judicially recognizable documents to support the convictions. That's a separate issue. Even if the Internet page that was retrieved, because that's the source of their that's the evidence that they're producing, and even assuming that that was the best evidence in the world, that does not speak to how that is tied to Mr. Sanchez-Flores. It doesn't say Juan Perez is Mr. Sanchez-Flores. It says Mr. Juan Perez is Mr. Juan Perez. Now, somebody connected the dots. Somebody figured it out. But the basis for that is not in the record. Anywhere. Nowhere. But, Mr. Ferg said that even if you take away, that's the two points that that would get you, correct? Correct. And even if you take it away, there's no way, you know, it's still up there. You know, 77 or upwards. And so you're sort of, it ends up being a distinction without a difference in his view. What is your comment on that? The court did a balancing under 3553A and said on the record, Mr. Sanchez-Flores, you've got 16 aliases or some number like that. And that was definitely in the court's mind. And that conviction is part of that. On the other hand, he said your counsel has made a good argument because the only time you've been put in jail is when he got himself into a real messy situation. This fellow uses a lot of drugs and likes to drive cars, and it's a very bad combination. And that's where most of his convictions come from. He was put on probation several times, and those probations were revoked in one particular proceeding, which was the subject of paragraph 27 in the pre-sentence report. The maximum time he spent in jail was 21.7 months. So his counsel said to the court, Judge, here's a man who has had a checkered past, but the only amount of time he spent is 21.7 months. Now he's going to get, the probation officer said, 90 months, which is an enormous factor. It makes no sense. So the judge said on the basis of what your counsel said, and then he varied down below the guideline range. Now, how that would play out if you took away these two points is impossible to tell, because he used the aliases as part of the 3553A analysis to come to what the proper sentence should be. And if those are pulled out, then that affects the whole balance of how the judge saw the sentence should be done. And that is, if anything is significant procedural error under Gall and Cardi, that's it, because you can't tell sitting here how it would have happened. And so it should go back for reconsideration. Well, let me ask you how that would work, because we're kind of in this odd thing. They have some evidence in their view. He says, no, I didn't use those. What's the judge supposed to do with that? Well, I mean, he's not going to have any more information than the objection in the presentence report. If this goes back and he knows it says in there what would happen if those two points were deleted. Then I would hope trial counsel would have the rest of my brief, Judge, about the reliability of the evidence. But I think that's the place to argue it. What is reliable evidence in the Internet age? This case is different than any other cases that have been cited because this is the first case where it's come up that part of the evidence that is used to calculate the pre-sentence history comes across an unsecured Internet page. That's what I made a great deal about in my brief. That's inconsistent with even the practices of this Court. This Court uses those protections for e-filing. So I think that would be the forum where those objections could be raised and presented at the trial, Judge. But I think on the state of the record, it should go back. Thank you. Thank you, counsel. The matter just argued will be submitted.
judges: Hug, Rymer, McKeown